**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

---

GOLDA EASTER

VERSUS

LOWE'S HOME CENTERS, LLC

CIVIL ACTION NO. 24-1439

JUDGE ALEXANDER C. VAN HOOK

MAGISTRATE JUDGE HORNSBY

---

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment ("Motion") filed by Defendant Lowe's Home Center, LLC ("Lowe's"). Record Document 42. Plaintiff Golda Easter ("Ms. Easter") filed a Memorandum in Opposition. Record Document 45. For the reasons assigned herein, Lowe's motion is **DENIED**.

## BACKGROUND

This lawsuit arises from an injury suffered during an accident that occurred on July 22, 2024, at the Lowe's Home Center located at 2710 Alkay Drive in Shreveport, Louisiana. Record Document 1. On that date, Ms. Easter was shopping at Lowe's for a new kitchen sink faucet and was inspecting faucet displays to find one with a hose extension. Record Document 45-3 at 12. Lowe's in-store surveillance video clearly shows Ms. Easter pulling on the displayed faucet ends to see if they would extend. *See* Record Document 42-4 (Lowe's Surveillance Video). As Ms. Easter pulled on one faucet, a display board containing multiple faucets tipped forward and landed on her shoulder. *Id.* (Lowe's Surveillance Video at 0:08:55). Thereafter, Ms. Easter slumps to the ground and appears to call for help. *Id.* (Lowe's Surveillance Video at

0:09:11). Moments later, two male Lowe's employees arrive and lift the faucet display from Ms. Easter's body. *Id.* (Lowe's Surveillance Video at 0:09:48).

In her petition, Ms. Easter contends that Lowe's, *inter alia*, failed to properly secure and maintain the faucet display. Record Document 42-2 at 3. Lowe's contends that it is not liable for any injury suffered by Ms. Easter because she has presented no evidence to show that Lowe's had actual or constructive knowledge of the allegedly defective faucet display. Record Document 42-1 at 1.

## LAW AND ANALYSIS

### A.    Summary Judgment Standard.

The law pertaining to summary judgment is well settled. Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Quality Infusion Care, Inc. v. Health Care Serv. Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact by pointing out that the record contains

2

no support for the non-moving party's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56(c)). The moving party need not support its motion with affidavits or other evidence, but to defeat a motion for summary judgment the non-movant must present evidence sufficient to establish the existence of each element of its claim as to which it will have the burden of proof at trial. *Id.* at 322.

**B.    Louisiana Merchant Liability Statute.**

Subject matter jurisdiction in this case is based on diversity; thus, Louisiana tort law applies. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938) (holding that a federal court sitting in diversity jurisdiction applies the substantive law of the forum state). In Louisiana, merchant liability is governed by the Louisiana Merchant Liability Act ("MLA") which provides:

> A.  A merchant owes a duty to persons who use its premises to exercise reasonable care to keep its aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained **because of a fall** due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of its cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

LA. REV. STAT ANN. § 9:2800.6 (emphasis added).

**C.    Analysis.**

Lowe's primary contention in its motion is that Plaintiff has not fulfilled her burden under Louisiana Revised Statute Section 9:2800.6(B)(2) concluding that "[d]espite over a year of discovery, Plaintiff has provided no positive evidence to meet her burden of proof for the actual or constructive requirement under the MLA." Record Document 42-1 at 3. The Defendant's motion for summary judgment fails because the heightened burden that Lowe's seeks to impose on Ms. Easter is clearly not applicable under the uncontested facts of this case.

The Louisiana Supreme Court has held that the burden shifting under Section B of the MLA only applies when a customer **falls** on the merchant's property. *Davis v. Wal-Mart Stores, Inc.*, 774 So.2d 84, 90 (La. 2000) ("[T]he heightened burden under R.S. 9:2800.6(B) is applicable only in situations where a customer 'falls' on a merchant's premises."). As highlighted above, the plain wording of the statute limits its application to cases where the customer's injuries resulted "because of a fall." LA. REV. STAT ANN. § 9:2800.6(B). This case presents a falling merchandise claim which is clearly governed by Section A of the MLA. *See* LA. REV. STAT ANN. § 9:2800.6(A); *see also Haley v. Wal-Mart*, No. 24-00851, 2025 WL 2808501 (W.D.La. 2025) (citing *Smith v. Toys "R" Us, Inc.*, 754 So.2d 209 (La. 1999)). In a falling merchandise case, "the merchant must use reasonable care to keep its aisles, passageways and floors in

4

a reasonably safe condition and free of hazards which may cause injury." *Davis v. Wal-Mart Stores, Inc.*, 774 So.2d at 90. "This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." LA. REV. STAT ANN. § 9:2800.6(A).

When a negligence claim is brought under Section A of the MLA, "the customer must demonstrate that (1) he or she did not cause the merchandise to fall, (2) that another customer in the aisle at that moment did not cause the merchandise to fall, *and* (3) that the merchant's negligence was the cause of the accident." *Id.* (emphasis in original).  Although these are the elements that must be proven at trial, the Court need not address them here.

In support of its Motion for Summary Judgment, Lowe's only cited two slip-and-fall cases to improperly shift the burden to the plaintiff by concluding:

> Although these case examples involve actual or constructive notice in slip and fall claims, the same reasoning applies here. Plaintiff has provided no witness testimony, written discovery, or any other evidence required by Louisiana jurisprudence to establish her burden of proof required to establish actual or constructive notice by Lowe's.

Record Document 42-1 at 4. Under the facts presented to the Court, Ms. Easter is not required to prove actual or constructive notice. Lowe's simply misstates the applicable law.[1]

---

[1] Exercising its broad discretion to control its docket; the Court will not consider a successive motion for summary judgment on this issue. *See Hudson v. Cleco Corp.*, 539 F. App'x. 615, 617-618 (5th Cir. 2013).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Lowe's motion for summary

judgment, Record Document 42, is **DENIED**.

**DONE AND SIGNED** in Shreveport, Louisiana, this 24th day of April, 2026.

_____

ALEXANDER C. VAN HOOK

UNITED STATES DISTRICT JUDGE
