**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| GOLDA C. EASTER | CIVIL ACTION NO. 24-1439 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| LOWE'S HOME CENTERS, L.L.C. | MAGISTRATE JUDGE HORNSBY |

# MEMORANDUM RULING

Before the Court is a Motion to Strike, Record Document 50, filed by the defendant, Lowes Home Centers, L.L.C. ("Lowes"), and a Motion for Leave, Record Document 54, filed by the plaintiff, Golda C. Easter ("Easter"). For the following reasons, the Motion to Strike, Record Document 50, is **DENIED**, and the Motion for Leave, Record Document 54, is **GRANTED**.

This civil action is scheduled for trial on December 14, 2026. Record Document 37. The scheduling order set a deadline of October 7, 2026 for Easter to deliver a draft of the proposed pretrial order, including a list of witnesses and exhibits, to Lowes. *Id.* at 4. That order gave Lowes seven days to respond and provides its own inserts, including a list of witnesses and exhibits. *Id.* Easter failed to comply with the scheduling order and never produced a draft of the pretrial order. Record Document 54 at 1.

For its part, on October 14, 2026, seven days after Easter's missed deadline, Lowes sent Easter its pretrial order inserts. Record Document 50-2 at 1. That same day, Lowes also filed the pending motion to strike arguing that Easter's failure to

comply with the scheduling order constitutes abandonment, and the Court should dismiss her claims with prejudice. *Id.* at 1-2.

For her part, Easter immediately sought to remedy her mistake. On October 14, 2026, the same day she received Lowes' pretrial inserts and motion to strike, Easter filed the pending motion for leave. Record Document 54. Easter has asked for leave to deliver the initial draft of the pretrial order on October 15, 2026. *Id.* at 2. The Court finds that good cause exists for modifying the scheduling order and providing Easter that brief extension. Counsel for Easter candidly acknowledged the mistake: "Plaintiff's counsel inadvertently overlooked that deadline." *Id.* at 1. Easter immediately sought to cure her mistake, and Lowes will suffer little prejudice from the delay. Because Easter acknowledged the error, immediately sought to cure the mistake, and imposed little prejudice on Lowes, the draconian remedy of dismissal with prejudice of Easter's complaint, which Lowes seeks, is far too severe. Therefore, the Court will grant Easter's motion for leave to provide her with a brief extension and deny Lowes' motion to strike.

For these reasons, the Motion to Strike, Record Document 50, is **DENIED**, and the Motion for Leave, Record Document 54, is **GRANTED**. An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**DONE AND SIGNED** at Shreveport, Louisiana, this 15th day of October, 2026.

Alex C. Van Hook

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE